IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ERIC HIBBLER AND AQUINO**
**EPPENGER**                                                                                                         **PLAINTIFFS**

**v.**                                                                      **CIVIL ACTION NO.: 3:22-cv-229-SA-JMV**

**TIMOTHY SCOTT, ET AL.**                                                                         **DEFENDANTS**

## ORDER

This matter is before the court on Defendants' Motion to Exclude Experts for Failure to Comply with Disclosure Requirements. Doc. 37. Defendants' motion was filed on July 28, 2023, making Plaintiffs' Response due August 11, 2023. No such response was filed, and as such the motion is now ripe for decision. For the reasons that follow, Defendants' motion is hereby GRANTED.

On December 5, 2022, this Court entered a Case Management Order setting the deadline for Plaintiffs' expert disclosures as March 6, 2023. Doc. 11. On July 5, 2023, Plaintiffs filed a First Motion for Extension of Time to Designate Expert. Doc. 32. The court then held a telephonic status conference on July 6, 2023, to discuss Plaintiffs' motion. Doc. 33. Thereafter, the court granted Plaintiff a 7-day extension to designate their expert(s). Doc. 34. The plaintiffs filed a purported expert designation within the 7-day deadline, *see* Doc. 35 and 36, however, the defendants now challenge the sufficiency of that designation under Federal Rule of Civil Procedure 26(a)(2)(B).[1] *See* Doc. 38.

Plaintiffs' designation submitted to Defendants is reproduced here:

---

[1] Defendants' argument that the disclosure was insufficient under FRCP 26(a)(2)(B) includes the argument that because the plaintiffs failed to provide information required, this makes the plaintiffs' disclosure untimely and as such should not be considered by the court under FRCP 37(c)(1).

## II. DESIGNATION OF EXPERTS

**Larry L. Day**
**Daylight Capital Advisors**
**328 West Park Street**
**Canton MS 39046**

Mr. Day is expected to testify to offer an opinion regarding the current net present value of Plaintiffs lost business income resulting from Defendant's negligence. Plaintiffs reserve the right to have Mr. Day provide testimony regarding other issue raised by the Defendants. Mr. Day's opinions will be based on his review, examination and/or knowledge of the pleadings in this case, the federal tax returns of Plaintiffs for the years 2021-2023, interviews with the Plaintiffs, documents produced in this case, as well as, his experience, education, and background. A copy of Mr. Day's curriculum vitae is attached hereto. Mr. Day's rate for testimony and analysis is $100 per hour.

RESPECTFULLY SUBMITTED, this the 13th day of July, 2023.

Federal Rules of Civil Procedure 26(a)(2)(B) states that parties are required to produce written reports of experts "retained or specially employed to provide expert testimony." Specifically, Rule 26(a)(2)(B) states as follows:

(2) Disclosure of Expert Testimony.
(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(v) a statement of the compensation to be paid for the study and testimony in the case.

L.U.Civ.R. 26(a)(2) provides that if a party fails to make full and complete disclosures as required by Federal Rule 26(a)(2) and Local Rule 26(a)(2)(D) no later than their expert designation

deadline, absent a finding of just cause, that failure is grounds for "prohibiting introduction of the evidence at trial." *See Hoskins v. GE Aviation*, No. 3:17CV00224-MPM-JMV, 2019 WL 257981, at *1 (N.D. Miss. Jan. 17, 2019). Further, "under Rule 37(c), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." *Honey-Love v. United States*, 664 Fed.Appx. 358, 362 (5th Cir. 2016); *see also Wilson v. Serv. Companies*, No. 3:16-CV-271-DMB-JMV, 2018 WL 944200, at *4 (N.D. Miss. Feb. 16, 2018).

When deciding if a violation of Rule 26 is harmless, the Fifth Circuit considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (internal quotation marks omitted); *see also Cooper v. Majestic Mississippi, LLC*, No. 318CV00260MPMJMV, 2020 WL 2747243, at *2 (N.D. Miss. May 27, 2020). "In addition to or instead of this sanction, the court, on a motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37. The Court has broad discretion when imposing sanctions. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

Here, the plaintiffs' evidence as to the net present value of Plaintiffs' lost business income would presumably, had it been actually formulated and disclosed by the expert, be important. However, as Defendants correctly point out, the wholesale insufficiency of Plaintiffs' designation leaves open the question of what that testimony might actually have been and therefore leaves

open how important it actually is as well. In addition, the insufficient designation does not allow Defendants to meaningfully designate their own expert(s) or otherwise respond. While this order does not prevent Plaintiffs from seeking a continuance in order to cure their insufficient designation, such a continuance has not been sought at this time, and given that the trial is set for January 22, 2024, the undersigned cannot otherwise extend the expert designation deadlines to allow Plaintiffs to cure their designation's defect. As to the fourth factor, Plaintiffs have failed to respond to the instant motion and otherwise offered no explanation for the failure to have a written report included with Mr. Day's designation as required by FRCP 26(a)(2)(B).

THEREFORE, IT IS ORDERED that Defendants' motion is hereby GRANTED. Plaintiffs are prohibited from introducing testimony by Mr. Day regarding Plaintiffs' alleged lost business income.

**SO ORDERED** this, the 16th day of August, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**